(38 Misc. Rep. 453.)

## DRISCOLL v. CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County. July, 1902.)

1. MUNICIPAL CORPORATIONS—STREET CLEANING FORCE.

Charter of New York (Laws 1897, c. 378), § 536, authorizes the commissioner of the department of street cleaning to appoint as many mechanics and helpers as may be necessary, their aggregate salaries not to exceed in any one year the amount appropriated therefor by the city. *Held*, that where a commissioner lays off a person appointed as a mason in said department, or puts him off on half time, in order to keep the expenses within the appropriation, or because there is no work for him to do, he cannot recover of the city for the time lost, during which he was willing to work, but was not allowed so to do.

Action by John J. Driscoll against the city of New York. Complaint dismissed.

Hunt, Ingle & Small, for plaintiff.

George L. Rives, Corp. Counsel (Edward J. McGuire and Arthur Sweeny, of counsel), for defendant.

NASH, J. The plaintiff, on or about the 15th day of May, 1896, was appointed by the commissioner of street cleaning as a mason in the department of street cleaning, borough of Manhattan, at a salary of $3.50 per day. On or about the 2d of January, 1900, the commissioner of street cleaning increased the plaintiff's compensation to $4 per day. During the period of his employment the plaintiff has been connected with Stable A of the department of street cleaning, and has been there employed in his calling as a mason. On or about July 2, 1900, the general superintendent, acting under orders of the commissioner of street cleaning, instructed the master mechanic to place the mechanics and mechanics' helpers on half time, and, pursuant to such instructions, he posted upon the bulletin board at Stable A, where the plaintiff was employed, a notice to the effect that, by order of the commissioner of street cleaning, the mechanics and mechanics' helpers would thereafter be placed on half time, owing to lack of appropriation, and thereafter these employés, including the plaintiff, worked three days each week instead of six, and they, with the plaintiff, were paid $12 per week, and receipted therefor upon the payrolls. The men, including the plaintiff, worked under this arrangement until about the 1st of August, 1900, when, upon the suggestion of the men, they were employed for a full week's time, and then laid off for a week, which last arrangement continued until about the 18th of October, 1900. On the 3d of December, 1900, the plaintiff, with many others, was discharged from the service of the department by the commissioner, and the plaintiff's name was sent to the civil service com-

mission pursuant to law and the rules and regulations adopted pursuant thereto. On the 2d of January, 1901, the plaintiff, with many others, was reappointed, at a salary of $4 per day, and the plaintiff resumed work as a mason at Stable A of the department. He continued in the service, being paid $4 a day for six days in the week until the end of May, 1901, when the acting commissioner ordered the mechanics and mechanics' helpers placed on half time, and the plaintiff, with others, was, from about the end of June until the end of December, 1901, carried along on half time, working alternate weeks. In January, 1902, the plaintiff, with some others, was restored to full time, the rest being discharged. The plaintiff now seeks to recover compensation for the days between July 1, 1900, and December 31, 1900, and between June 1, 1901, and January 1, 1902, when he was laid off and did not work altogether 130 days, at the rate of $4 per day, amounting to $520.

This action is said to be one of more than fifty others, from which this is selected for trial as a test case by stipulation of counsel. The contention of the plaintiff is that, being a member of the uniformed force, and holding a position created by law, he was entitled to the salary attached to his position so long as he held himself subject to the orders of the commissioner, was ready and willing to perform the duties of his position, and was not discharged, suspended, or excused from performance in the manner provided by statute; that such readiness on his part was equivalent to performance while suspended from the duties of his position, such suspension not being for any of the reasons enumerated in section 537 of the charter (Laws 1897, c. 378). The provisions of section 536 of the charter which relate to the street-cleaning department, so far as pertinent here, read as follows:

"Sec. 536. The members of the department of street cleaning shall be divided into two general classes, to be designated, respectively, the clerical force and the uniformed force. * * * The uniformed force shall be appointed by the commissioner of street cleaning and shall consist of one general superintendent, * * * sweepers, not exceeding thirty-one hundred in number; dump boardmen, not exceeding forty-three in number; drivers, not exceeding sixteen hundred in number; stable foremen, not exceeding twenty-one in number; assistant stable foremen, not exceeding twenty-one in number; hostlers, not exceeding one hundred and forty-six in number; a master mechanic and such and so many mechanics and helpers as may be necessary; but the aggregate salaries of such mechanics and helpers shall not exceed in any year the amount appropriated therefor by the board of estimate and apportionment and the municipal assembly. * * * The annual salaries and compensations of the members of the uniformed force of the department of street cleaning shall be fixed by the board of estimate and apportionment and shall not exceed the following: Of the general superintendent, three thousand dollars; * * * of the master mechanic, one thousand eight hundred dollars; * * * of the sweepers, seven hundred and twenty dollars each; of the drivers, seven hundred and twenty dollars each; of the stable foremen, one thousand three hundred dollars each; of the assistant stable foremen, one thousand dollars each; of the hostlers, seven hundred and twenty dollars each."

The proposition advanced for the plaintiff is that he is a member of the uniformed force, and that a member of the uniformed force has the right, by virtue of his appointment, to continuous

employment and compensation so long as he holds his position, subject to the suspension of that right for the reasons enumerated in section 537 of the charter; and in support of the proposition it is argued that sections 536 and 537 of the charter give the members of the uniformed force a definite status.   It creates and classifies the various positions in the uniformed force, limits the number of such positions, and provides for the fixing of their salaries by the board of estimate and apportionment.   A member of the uniformed force, upon appointment, must place his services at the disposal of the commissioner at all times, and must subject himself to the rules and regulations made in conformity with the provisions of the statute for the administration and discipline of the department. If these conditions are fulfilled, there will arise in his favor the right to compensation attached to his position so long as he holds it, and is not discharged, or excused from performance by leave of absence under the provisions of section 537.   The argument is based upon the assumption that a member of the uniformed force is entitled to continuous employment; in other words, the appointment upon the force fixes the term of employment, not the contract of hiring. The assumption is erroneous.   For the purposes of the question here under discussion, persons in government positions may be divided into two kinds or classes,—officeholders entitled to the salary affixed as an incident to the office, and places filled by employés; the tenure of those to whose service the rules and regulations of the civil service law are applicable being of a permanent character, while that of all other employés is regulated by the terms of hiring.   There is no fixed term provided for places on the force of the department of street cleaning.   The force is divided into two general classes,—the clerical force, to which the rules and regulations of the civil service are made applicable; and the uniformed force, over which the commissioner of street cleaning is given the power of discipline, suspension, and removal, regulated by the provisions of the statute.   It is provided that the uniformed force shall be appointed by the commissioner, but the term of service is not stated; that the annual salaries and compensations of the members of the uniformed force of the department shall be fixed by the board of estimate and apportionment at not exceeding the sum stated, from which it may be inferred that not exceeding the number of members of each class limited by the statute, or the increased number for which the board of estimate and apportionment have made appropriation, whose salaries are thus fixed, may be employed by the commissioner at an annual salary for the year or for the fractional parts of the year; that a master mechanic and such and so many mechanics and helpers as may be necessary may be appointed by the commissioner; but the aggregate salaries of such mechanics and helpers shall not exceed in any year the amount appropriated therefor by the board of estimate and apportionment and the municipal assembly.   Their salaries are not fixed, so that as to them there is not, by implication, even, a term of hiring.   Both the salary and term of employment are to be fixed by the commissioner, which may be changed at each hiring, as the price of labor

or the exigencies of the department may require; the term of employment being fixed by the terms of the hiring. The appointments on the uniformed force, or such portion of them as the commissioner may deem necessary to keep the expenditures of his department within the next annual estimate and apportionment, necessarily expire at the end of the year. Although in practice the employment of the uniformed force at annual salaries is continuous, it is not necessarily so. The plaintiff and other mechanics were laid off on half time for one of two reasons,—either lack of appropriation, or because of lack of work for them to do. Instead of dismissing part wholly from the force, as he might lawfully have done, he employed all on half time, discharging the plaintiff and others as he did in December, 1901, only when absolutely required, because of lack of appropriation. The plaintiff assented to the arrangement by which he was put on half time. By the terms of hiring and under the statute he had no legal right to complain. The mechanics in the uniformed force have not the semblance of right to continuous employment. The commissioner is empowered to employ such and so many mechanics and helpers as may be necessary, but not to exceed the amount appropriated therefor. He must keep within the appropriation, and employ only such and so many as may be necessary. When the force should be reduced, either for lack of appropriation or for the purpose of economy, when there is no work to be performed, is necessarily left to the judgment and discretion of the commissioner. As to mechanics and helpers employed by the day, he is not governed by the provisions of section 537, relating to causes for discipline, suspension, or removal. The plaintiff was not suspended, as urged for the purpose of the argument. The provisions of section 537, relating to grounds for suspension, can have no application to day laborers employed on the uniformed force; these are for employés at annual salaries. It is unnecessary to pursue the discussion further. For the reasons stated the complaint should be dismissed. Proposed findings may be submitted in which may be included such as the plaintiff is advised are necessary or desirable for the purposes of review.

Complaint dismissed.